# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 19-1012

———————————————

United States of America

*Plaintiff - Appellee*

v.

Deonte J. Collins-Abbott

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Western District of Missouri - Kansas City

——————————

Submitted: June 1, 2020
Filed: June 4, 2020
[Unpublished]

——————————

Before BENTON, KELLY, and GRASZ, Circuit Judges.

——————————

PER CURIAM.

Deonte Collins-Abbott appeals after he pleaded guilty—pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement containing an appeal waiver—to conspiracy to commit Hobbs Act robbery and a firearm offense under 18 U.S.C. § 924(c)(1)(A); and the district court imposed the agreed-upon prison term. In a brief filed pursuant to Anders v. California, 386 U.S. 738 (1967), Collins-

Abbott's counsel suggests that the appeal waiver is invalid because the First Step Act of 2018 was enacted three days after Collins-Abbott was sentenced. In pro se briefs, Collins-Abbott argues that his section 924(c) conviction is invalid under United States v. Davis, 139 S. Ct. 2319 (2019), and that his prison term is substantively unreasonable.

As to the issues raised in the briefs, we enforce the appeal waiver. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (appeal waiver will be enforced if appeal falls within scope of waiver, defendant knowingly and voluntarily entered into plea agreement and waiver, and enforcing waiver would not result in miscarriage of justice). We conclude that the record establishes Collins-Abbott made a knowing and voluntary choice to enter into the plea agreement and appeal waiver; and that his choice was not affected by the First Step Act, which was enacted six months after he entered his guilty plea. Cf. United States v. Gray, 152 F.3d 816, 819-20 (8th Cir. 1998) (guilty plea must be knowing, voluntary, and intelligent choice among alternative courses of action open to defendant). We further conclude that Collins-Abbott's pro se arguments fall within the scope of the appeal waiver; and that no miscarriage of justice would result from enforcing the appeal waiver, given that the district court imposed the agreed-upon prison term, which was within the statutory range. See Andis,333 F.3d at 891-92 (discussing miscarriage-of-justice exception).

After independently reviewing the record pursuant to Penson v. Ohio, 488 U.S. 75 (1988), we ordered supplemental briefing addressing issues related to a potential clerical error in the judgment, and the award of restitution to two individuals, G.W. and N.J. In response, the government concedes that the judgment erroneously references 18 U.S.C. § 924(c)(1)(C) and that G.W. and N.J. were not entitled to restitution, and moves to remand this case to the district court for entry of a new judgment. Based on the relief requested, we construe the government's motion to include a motion to vacate the awards of restitution to G.W. and N.J. We grant the

government's motion, vacate the awards of restitution to G.W. and N.J., and remand this case to the district court for entry of a new judgment that does not award restitution to G.W. or N.J. and that removes any reference to section 924(c)(1)(C). In all other respects, the judgment is affirmed. All other pending motions are denied.

_____